G., C. & S. F. R'y Co. v. S. D. RITTER.

(No. 6705.)

APPEAL from Dallas County.    Opinion by WILLSON, J.

J. W. TERRY and ALEXANDER & CLARK, counsel for appellant.

ROBERTSON & COKE, counsel for appellee.

§ 148. *Railroad companies; killing stock; evidence must show injury to have resulted by actual contact with train.* This appeal is from a judgment recovered by appellee against appellant for $500, the value of a horse alleged to have been killed by a train of appellant. We think the evidence does not warrant the judgment. To authorize a recovery it devolved upon appellee to prove, by a preponderance of evidence, that the injury to the horse resulted from an actual contact with him of the appellant's train. If the horse ran upon the bridge and fell off it, and thus received the injuries which resulted in his death, appellee is not entitled to recover. A preponderance of the evidence, in our opinion, makes it probable that it was in such way that the horse was in-

jured. It certainly was not satisfactorily proved that the horse was struck by appellant's train, but, on the contrary, the engineers of all the trains that passed over the road at the place where the horse was injured, on the day of the injury, testified positively that their trains did not strike him. [3 Civil Cas. Ct. App., § 224.] We do not think any error was committed in the admission of the testimony objected to, nor in awarding interest on the amount of damages. Because the verdict and judgment are not supported by the evidence the judgment is reversed and the cause remanded.

June 25, 1890.                     Reversed and remanded.